IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELBERT GEORGE GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-965-D |
| | ) |
| DENNIS CALLAHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The present action arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Defendants Dennis Callahan, Tammy Cambron, Wendell Cambron, Teresa Butts, Thomas Motley, Terry Pennington, Robert Swain, Leslie Wiles, T.C. Peterson, Ginger Armstrong, Marty Conner, Leonard Boone, Stephen Seeley, Joel Rogalsky, and Serena Israel move for dismissal in part based on timeliness, and the Court should grant the motion.

---

[1] Mr. Grant utilized a form for actions arising under 42 U.S.C. § 1983, but invoked *Bivens* in the body of the complaint. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1-2 (Aug. 29, 2007) ("Complaint"). Because all of the defendants are or were federal officers, rather than state officers, Section 1983 is inapplicable. *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (*per curiam*) (stating that Section 1983 "does not apply to federal officers acting under color of federal law" (citation omitted)). In light of Mr. Grant's *pro se* status, the Court should recharacterize the suit as one arising solely under *Bivens*. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 n.1 (10th Cir. 2001) (recharacterizing a *pro se* litigant's claim from one brought under Section 1983 to one arising under *Bivens*).

I.      Standard for Dismissal

"If the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007). In deciding whether the complaint states a valid claim, the Court must accept the well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

II.     Statute of Limitations

A *Bivens* action is subject to the limitations period for personal injury actions "in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, the applicable period is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

According to the complaint, the constitutional violations continued until May 3, 2005. *See* Complaint at p. 28 (alleging an inability to obtain lost property or proper medical care from December 17, 2004, through the preparation of the complaint), p. 31 (noting that the complaint was prepared on May 3, 2005). Thus, at the latest, Mr. Grant would have had until May 3, 2007, in which to file the complaint.[2] Because the Plaintiff did not commence this

---

[2]     The Plaintiff initially filed the complaint in Case No. CIV-05-1066-L on September 13, 2005. *See* Complaint at p. 2 (reflecting an original filing date of September 13, 2005, in Case No. CIV-05-1066-L). This Court dismissed the complaint without prejudice for lack of prosecution on March 24, 2006. *Grant v. Callahan*, Case No. CIV-05-1066-L, slip op. at 1-2 (W.D. Okla. Mar. 24, 2006) (unpublished order by district judge).

The Defendants argue that under Oklahoma's saving statute, the Plaintiff had one year in

action until August 29, 2007,³ the Court should regard the suit as untimely in the absence of tolling.

The Court could interpret the Plaintiff's response to request tolling based on "intentional resistance" and "flagrant indifferences regarding his right to form and file his complaint." Plaintiff's Response to Defendants['] Motion to Dismiss (Aug. 5, 2008). But Mr. Grant has not sufficiently alleged grounds for tolling.

The availability of equitable tolling is governed by state law. *See Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (holding that state law governs equitable tolling in a *Bivens* action). In Oklahoma, exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995) (footnote omitted).

---

which to timely commence a new action. Defendants' Motion to Dismiss with Brief in Support at p. 2 (July 15, 2008); *see* Okla. Stat. tit. 12 § 100 (2001) (stating that when an action is timely commenced and dismissed "otherwise than upon the merits," the plaintiff may commence a new action within one year of the dismissal). However, that deadline would have expired on March 24, 2007. The Court may assume *arguendo* that Mr. Grant could have refiled the suit even after the termination of the saving statute. Even with this assumption, the suit would be untimely. *See supra* text accompanying note.

³ Ordinarily, the complaint is deemed "filed" when the Plaintiff had given it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [*Houston v. Lack*, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). But Mr. Grant simply revised the first page and refiled the 2005 complaint, which had reflected a verification on May 4, 2005. *See* Complaint at p. 46. Thus, the Court has no information about when the Plaintiff had submitted the present complaint for mailing.

The Plaintiff submits only a conclusory statement about the difficulty of filing the complaint. But except for the first page, Mr. Grant's current complaint is identical to the document that he had filed in 2005. *See supra* note 3. The Plaintiff's statement does not explain why he could not have refiled the document by May 3, 2007.

Mr. Grant's argument is invalid and the limitations period expired by May 3, 2007. Because he waited to sue until August 29, 2007, the moving defendants are entitled to dismissal.

III.   <u>Recommendation and Notice of the Right to Object</u>

The Court should grant the motion to dismiss based on timeliness. This ruling would result in dismissal of all claims against Dennis Callahan, Tammy Cambron, Wendell Cambron, Teresa Butts, Thomas Motley, Terry Pennington, Robert Swain, Leslie Wiles, T.C. Peterson, Ginger Armstrong, Marty Conner, Leonard Boone, Stephen Seeley, Joel Rogalsky, and Serena Israel.

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636( b)(1) (2000). The deadline for objections is September 18, 2008. *See* W.D. Okla. LCvR 72.1l. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV.   Status of the Referral

The referral is not terminated.

Entered this 29th day of August, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge