IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELBERT GEORGE GRANT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS CALLAHAN, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-07-965-D |

## REPORT AND RECOMMENDATION CONCERNING
## THE PLAINTIFF'S MOTION FOR AN INJUNCTIVE ORDER

In the complaint, Mr. Grant alleges multiple constitutional violations arising out of his custody within the federal bureau of prisons. In his motion for an injunction, the Plaintiff seeks an order exempting him from the need to achieve employment while living at a half-way house. The Court should deny the request because Mr. Grant has not established a relationship between the need for an injunction and the conduct asserted in the complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[1] "Thus, a party moving for a preliminary

---

[1] *See Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had

injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[2]

In the complaint, Mr. Grant does not challenge the conditions at his half-way house or the requirement that he find employment. Thus, a preliminary injunction would be inappropriate to address the latter and the Court should deny the request for a preliminary injunction.

The Plaintiff can object to this report and recommendation. To do so, Mr. Grant must file an objection with the Clerk of this Court. The deadline for objection is September 24, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is not terminated.

---

"present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint").

[2]   *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)); *cf. Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the habeas petition).

Entered this 3rd of September, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge