IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELBERT GEORGE GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-965-D |
| | ) |
| DENNIS CALLAHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Court should dismiss without prejudice all claims against Dr. McNerney based on a lack of timely service.

### FAILURE TO TIMELY SERVE DR. McNERNEY

Generally, service is required within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m). In light of the need for screening, the Court began the 120-day period when service was authorized. *See* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)). With this computation, the 120th day fell on January 17, 2008. The Court has repeatedly extended this deadline, most recently to September 2, 2008, for service on Dr. McNerney. Even with the benefit of multiple extensions spanning over seven months, Mr. Grant has still not filed proof of service on Dr. McNerney.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent:

- the statute of limitations,
- service on the United States, and
- evasion of service.

*See id.* at 842. None of the factors supports a further extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action. *See id.* As discussed in an earlier report, the suit is untimely. Although a refiled action would obviously remain untimely, the time-bar against Dr. McNerney would have existed with or without the suggested dismissal for failure to timely effect service.

Second, the Court should consider the complexity of service on the United States. *See id.* This factor is neutral[1] because the Plaintiff did serve the United States.[2]

Third, courts may consider whether the defendant is avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to

---

[1]   In the complaint, the Plaintiff identified Dr. McNerney as a federal employee who worked at F.C.I. El Reno. Doc. 1 at p. 2-B. The United States Attorney's Office later stated that Dr. McNerney was no longer employed at F.C.I. El Reno. *See infra* p. 4. The Court lacks sufficient information to determine whether Dr. McNerney was employed at the prison when the suit began. If he was, the Plaintiff would have been obligated to serve the United States as well as Dr. McNerney. *See* Fed. R. Civ. P. 4(i)(3).

[2]   The marshals service filed returns of service on the Attorney General of the United States and the United States Attorney's Office. Doc. 36 (Attorney General of the United States); Doc. 22 (United States Attorney's Office).

constitute 'good cause.'"). This factor supports dismissal because no evidence exists regarding evasion of service by Dr. McNerney.

The Court has repeatedly extended the Plaintiff's service deadline for Dr. McNerney and warned of the failure to timely effect service. More than one year and one week ago, the Court established a service deadline of January 17, 2008, and warned: "The failure to timely comply with these deadlines could result in dismissal of the action." Doc. 9 at p. 1 ¶ 1. The Plaintiff failed to comply, and the Court *sua sponte* extended the service deadline to February 11, 2008. Doc. 13. Again Mr. Grant was warned: "Plaintiff is advised that failure to comply with this Order could result in dismissal without prejudice." Doc. 13 (citing Fed. R. Civ. P. 4(m)). The Court *sua sponte* extended the deadline to February 28, 2008, and repeated the warning about the possibility of dismissal for failure to effect timely service. Doc. 15. On May 5, 2008, the Court again extended the service deadline and issued another warning:

> The deadline for service of process on Dr. McNerney expired on February 28, 2008. Nonetheless, because of the Plaintiff's apparent difficulty in locating Dr. McNerney, the Court will authorize issuance of an alias summons and *sua sponte* extend the Plaintiff's deadline to serve this individual and to file proof of service. The Plaintiff's new deadline for this purpose is May 28, 2008. By that date, Mr. Grant shall provide the Clerk's office with an address to serve Dr. McNerney or shall show cause why he should not be dismissed for nonservice. The failure to timely comply could result in dismissal of all claims against Dr. McNerney.

Doc. 47 at p. 4 (citations omitted).

More than 50 days ago, the Court again extended the deadline to serve Dr. McNerney and warned that the failure to file proof of service on this individual by September 2, 2008,

could result in involuntary dismissal. Doc. 59. Mr. Grant has not responded in the ensuing period of more than 50 days.

Mr. Grant acknowledged over 4 months ago that he had no way to locate Dr. McNerney. Doc. 51. The United States Attorney's Office later said that even with the help of the Bureau of Prisons, Dr. McNerney could not be located. Doc. 55. Thus, further extension of the service deadline for Dr. McNerney would be futile.

In these circumstances, all claims against Dr. McNerney should be dismissed without prejudice.

### NOTICE OF THE RIGHT TO OBJECT AND THE STATUS OF THE REFERRAL

The parties can object to the present report and recommendation. Any such objection must be filed with the Court Clerk by October 20, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is not terminated.

Entered this 30th day of September, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge