IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELBERT GEORGE GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-965-D |
| | ) | |
| | ) | |
| DENNIS CALLAHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff , appearing *pro se*, brought this action pursuant to 42 U. S. C. § 1983.  Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings.  Judge Bacharach has filed three Reports and Recommendations addressing specific issues in this case.  All are addressed in this Order.

I.  August 29, 2008 Report and Recommendation:

On August 29, 2008, Judge Bacharach filed a Report and Recommendation [Doc. No. 62] in which he recommended that the Court grant the Motion to Dismiss filed jointly by Defendants Dennis Callahan, Tammy Cambron, Wendell Cambron, Teresa Butts, Thomas Motley, Terry Pennington, Robert Swain, Leslie Wiles, T. C. Peterson, Ginger Armstrong, Mary Conner, Leonard Boone, Stephen Seeley, Joel Rogalsky, and Serena Israel ("the Movants").  Because Plaintiff timely objected, the issues addressed in the Report and Recommendation are reviewed *de novo.*

As  Judge Bacharach correctly determined, although Plaintiff characterizes his claims as arising under § 1983, they are more properly considered as based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) because, at the time relevant to

Plaintiff's claims, the defendants were federal officers, rather than state officers. Inasmuch as § 1983 applies only to state actors, it does not apply to these claims; instead, the asserted claims are governed by *Bivens*, and will be considered accordingly. *Kinnell v. Graves*, 265 F. 3d 1125, 1127 n.1(10th Cir. 2001)(recharacterizing a *pro se* litigant's claim as based on *Bivens* rather than on § 1983).

The Movants argued that the claims against them must be dismissed because the statute of limitations had expired on those claims. A *Bivens* action is governed by the limitations period for personal injury actions in the state where the cause of action arose; because the cause of action in this case arose in Oklahoma, the state of limitations is two years. *Roberts v. Barreras*, 484 F. 3d 1236, 1238 (10th Cir. 2007); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

As Judge Bacharach noted in the Report and Recommendation, Plaintiff's Complaint alleges that constitutional violations continued until May 3, 2005; accordingly, the limitations period on claims based on those violations expired on May 3, 2007. However, the Complaint was not filed until August 29, 2007. Therefore, it was not filed within the required time period.

The statute of limitations may be equitably tolled, and the availability of equitable tolling is governed by state law. In Oklahoma, any exception to a statute of limitations is "strictly construed," and limitations periods "are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P. 2d 807, 813 (Okla. 1995). In this case, Judge Bacharach found that Plaintiff had asserted no basis for equitable tolling of the statute of limitations; he offered only a conclusory statement about the difficulty of filing the Complaint. However, as Judge Bacharach observed, other than the first page, the Complaint at issue is identical

to one filed in this Court in 2005 and dismissed for lack of prosecution on March 24, 2006[1].

As Judge Bacharach also noted in the Report and Recommendation, an inmate's Complaint is deemed to have been filed when it is given to prison authorities for mailing. *Price v. Philpot*, 420 F. 3d 1158, 1164 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, the Complaint does not indicate when it was submitted to prison authorities for mailing, and Plaintiff does not identify the date on which it was submitted. With the exception of the first page, the current Complaint is a copy of Plaintiff's 2005 Complaint, and shows a 2005 date on the signature portion at page 46. It does not reflect a current mailing date. The file does not provide any information from which the Court could conclude that the Complaint was submitted to prison officials for mailing within the applicable limitations period, and Plaintiff does not address this issue in his objection to the Report and Recommendation.[2]

Having reviewed the matter *de novo* and having fully considered the issues, the Court finds that the statute of limitations has expired on Plaintiff's claims against the Movants. The Report and Recommendation [Doc. No. 62] is adopted as though fully set forth herein. Plaintiff's claims against Dennis Callahan, Tammy Cambron, Wendell Cambron, Teresa Butts, Thomas Motley, Terry Pennington, Robert Swain, Leslie Wiles, T. C. Peterson, Ginger Armstrong, Mary Conner, Leonard Boone, Stephen Seeley, Joel Rogalsky, and Serena Israel are DISMISSED.

---

[1] *See* Grant v. Callahan, Case No. CIV-05-1066-L, March 24, 2006 Order.

[2] *The Court file reflects that, in addition to his Objection to the Report and Recommendation, Plaintiff has submitted several filings in response to orders issued by the Magistrate Judge. Some of these filings contain argument responding to the recommended dismissal in this Report and Recommendation. See, e.g., Response to Show Cause Order [Doc. No. 66]. The Court has reviewed these filings and concludes that, even if they were considered as objections to the August 29, 2008 Report and Recommendation, they do not contain argument or authority warranting a rejection of the Magistrate Judge's recommendation.*

II.  September 3, 2008 Report and Recommendation:

On September 3, 2008, Judge Bacharach filed a Report and Recommendation [Doc. No. 64] in which he recommended that Plaintiff's request for an injunction be denied.  He noted that Plaintiff seeks injunctive relief in the form of an order exempting him from the need to obtain employment while residing at a halfway house.  Judge Bacharach explained that Plaintiff has not established any connection between that request and the constitutional violations alleged in the Complaint.  The Complaint does not assert violations based on Plaintiff's residence at a halfway house or the requirement that he obtain employment while residing there.  Where a movant seeks injunctive relief beyond the claims in a complaint, the Court has no power to issue a preliminary injunction.  *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Alabama v. United States Army Corps of Engineers*, 424 F. 3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"). Accordingly, Judge Bacharach recommended that the request for injunctive relief be denied.

In the Report and Recommendation, Judge Bacharach advised Plaintiff of his right to file objections to the same, and he set a deadline of September 24, 2008 for filing such objections. Plaintiff was also expressly cautioned that his failure to timely object would constitute a waiver of his right to appellate review of the factual findings and legal conclusions in the Report and Recommendation.

The September 24 deadline has expired, and Plaintiff has not filed objections.  Nor has he sought an extension of time in which to do so.  He has filed other papers with the Court during this time period, but those filings do not refer to his request for injunctive relief or the Report and Recommendation.  Plaintiff has waived his right to review of the September 3, 2008 Report and

Recommendation. Even if any of Plaintiff's numerous filings with the Court could be construed as addressing his request for injunctive relief, that request must be denied for the reasons set forth in the Report and Recommendation. The Report and Recommendation [Doc. No. 64] is ADOPTED as though fully set forth herein. Plaintiff's Motion for Injunctive Order [Doc. No. 21] is DENIED.

III. September 30, 2008 Report and Recommendation:

In the September 30, 2008 Report and Recommendation [Doc. No. 67], the Magistrate Judge recommended that Plaintiff's claims against Dr. McNerny be dismissed without prejudice because Plaintiff failed to perfect service on Dr. McNerny within 120 days after the filing of the Complaint or within the extended time period for doing so. The initial deadline for perfecting service was January 17, 2008. In the Report and Recommendation, Judge Bacharach explained that he had repeatedly extended the deadline; the final extension expired on September 2, 2008. However, Plaintiff did not file a return of service for Dr. McNerny within that extended deadline. Accordingly, Judge Bacharach recommended dismissal without prejudice of the claims against Dr. McNerny.

In the Report and Recommendation, Judge Bacharach advised Plaintiff of his right to object to the same, and set an October 20, 2008 deadline for filing objections. He also expressly cautioned Plaintiff that his failure to timely object would constitute a waiver of his right to appellate review of the findings and conclusions in the Report and Recommendation.

That deadline has expired, and Plaintiff has not filed objections; nor has he sought an extension of time in which to do so. Accordingly, the Report and Recommendation [Doc. No. 67] is ADOPTED as though fully set forth herein. Plaintiff's claims against Dr. McNerny are DISMISSED without prejudice.

IV.  Conclusion:

For the reasons set forth herein, the August 29, 2008 Report and Recommendation [Doc. No. 62], the September 3, 2008 Report and Recommendation [Doc. No. 64] and the September 30, 2008 Report and Recommendation [Doc. No. 67] are ADOPTED.  Because this Order does not dispose of all matters in this action, the referral is not terminated.

IT IS SO ORDERED this  24th  day of November, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE