IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DELBERT GEORGE GRANT, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-07-965-D
 )
DENNIS CALLAHAN, *et al.*, )
 )
      Defendants. )

# REPORT AND RECOMMENDATION

Mr. Grant sues Defendant Officer Daniels under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The Court should summarily dismiss the claims against Defendant Daniels based on timeliness.

I.    Standard for Dismissal

Because Mr. Grant is proceeding *in forma pauperis*,[2] the Court must screen the allegations to determine whether they state a claim on which relief can be granted.[3] On an

---

[1] Mr. Grant utilized a form for actions arising under 42 U.S.C. § 1983, but invoked *Bivens* in the body of the complaint. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1-2 (Aug. 29, 2007) ("Complaint"). Because Defendant Daniels is or was a federal officer, rather than a state officer, Section 1983 is inapplicable. *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (*per curiam*) (stating that Section 1983 "does not apply to federal officers acting under color of federal law" (citation omitted)). In light of Mr. Grant's *pro se* status, the Court should recharacterize the suit as one arising solely under *Bivens*. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 n.1 (10th Cir. 2001) (recharacterizing a *pro se* litigant's claim from one brought under Section 1983 to one arising under *Bivens*).

[2] *See* Order Granting Leave to Proceed *In Forma Pauperis* (Aug. 30, 2007).

[3] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii).

affirmative defense like the statute of limitations, a complaint may be dismissed *sua sponte* "'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation omitted). "If the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether the complaint states a valid claim, the Court must accept the Plaintiff's well-pleaded factual allegations and construe them in the light most favorable to Mr. Grant. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

II.     Statute of Limitations

A *Bivens* action is subject to the limitations period for personal injury actions "in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, this period is two years. *See Alvarez v. Gonzales*, 155 Fed. Appx. 393, 397 (10th Cir. Nov. 10, 2005) (unpublished op.) (stating that the limitations period is two years for a *Bivens* action arising in Oklahoma).

In the complaint, Mr. Grant referred to "Officer Donaldson," "Officer Daniels," and "Lt. Daniels." Complaint at pp. 3, 13-14, 20. Among these individuals, "Officer Donaldson" was the only one named as a party in the complaint. *See id.* at p. 3. Mr. Grant later indicated that he was mistaken and had intended to sue "Officer/Daniels" rather than "Officer/Donaldson." Letter by Delbert George Grant to Office of the Clerk (filed June 4,

2008). The Court is uncertain regarding whether Officer Daniels and Donaldson are two individuals or only a single person who was misidentified. Either way, however, the claims against Officer Daniels are time-barred.

The complaint is lengthy, describing an extensive pattern of misconduct by many individuals. But the references to Officer Donaldson and/or Daniels are brief. Mr. Grant states that he was told on September 3, 2004, by "Officer Donaldson" to "shut up" and stay out of an incident involving another inmate. Complaint at p. 13. About fifteen minutes later, "Officer Daniels" and others allegedly took Mr. Grant to segregated housing. *Id.* at p. 14. "[D]ays later," "Officer Donaldson" issued a misconduct report for the incident on September 3, 2004. *Id.* According to Mr. Grant, he remained in segregated housing until October 12, 2004. *Id.* at p. 17. In the complaint, Mr. Grant does not refer to any other actions by an individual named "Donaldson" or "Daniels." Thus, regardless of whether the individuals were two people or one person who was misidentified, the cause of action against Officer Daniels could not have accrued after October 12, 2004. Thus, at the latest, Mr. Grant would have had until October 12, 2006, in which to file a complaint against Officer Daniels.

Because the Plaintiff did not begin this action until August 29, 2007,[4] the Court should regard the suit as untimely in the absence of tolling.

In response to a show cause order, Mr. Grant alleges "intentional resistance" and "blatant indifferences." Plaintiff's Show Cause Response at pp. 1-2 (Sept. 22, 2008). The Court may liberally construe the allegation to suggest equitable tolling. Even with the benefit of this assumption, however, Mr. Grant could not overcome the time-bar.

The availability of equitable tolling is governed by state law. *See Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (holding that state law governs equitable tolling in a *Bivens* action). In Oklahoma, exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995) (footnote omitted).

Except for the first page, Mr. Grant's current complaint is identical to the document that he had filed in 2005. *See supra* note 4. The Plaintiff's statement did not explain why he could not have refiled a complaint against Officer Daniels by October 12, 2006.

---

[4]   Ordinarily, the complaint is deemed "filed" when the Plaintiff had given it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [*Houston v. Lack*, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). But Mr. Grant simply revised the first page and refiled the 2005 complaint, which had reflected a verification on May 4, 2005. *See* Complaint at p. 46. Thus, the Court has no information about when the Plaintiff had submitted the present complaint for mailing.

In response to the show cause order, Mr. Grant adds arguments involving the state savings period and legal disability from his incarceration. Plaintiff's Show Cause Response at pp. 1-3 (Sept. 22, 2008). These arguments are also invalid.

The savings period would not have allowed Mr. Grant to wait until August 29, 2007, to refile the complaint.[5] Under Oklahoma's savings statute, Mr. Grant could have refiled the complaint within one year of the dismissal. *See* Okla. Stat. tit. 12 § 100 (stating that when an action is timely commenced and dismissed "otherwise than upon the merits," the plaintiff may commence a new action within one year of the dismissal). The one-year period would have ended on March 24, 2007, and Mr. Grant did not refile the complaint until August 29, 2007. Thus, the present complaint would not have been timely even with the benefit of Oklahoma's savings statute.

As noted above, Mr. Grant also suggests a "legal disability" from his incarceration. *See supra* p. 5. This suggestion is invalid as a matter of law.

Under Oklahoma law, tolling may be available if the claimant had a "legal disability" when the cause of action accrued. Okla. Stat. tit. 12 § 96. In Oklahoma, the term "legal disability" refers to incompetency or status as a minor. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (stating that Oklahoma courts have applied Okla. Stat. tit. 12

---

[5]   The Plaintiff initially filed the complaint in Case No. CIV-05-1066-L on September 13, 2005. *See* Complaint at p. 2 (reflecting an original filing date of September 13, 2005, in Case No. CIV-05-1066-L). This Court dismissed the complaint without prejudice for lack of prosecution on March 24, 2006. *Grant v. Callahan*, Case No. CIV-05-1066-L, slip op. at 1-2 (W.D. Okla. Mar. 24, 2006) (unpublished order by district judge).

5

§ 96 "only for plaintiffs whose competency is impaired or who have not reached the age of majority" (citations omitted)).  Thus, state and federal courts in Oklahoma have not regarded prisoner status as a "legal disability."[6]

Finally, in his response to the show cause order, Mr. Grant blames the delay on lack of information about the status of the proceedings "due to change of addresses not being properly recorded by the Court."  Plaintiff's Show Cause Response at p. 2 (Sept. 22, 2008).  This assertion is not explained or supported.  In the prior action, Mr. Grant filed multiple notices about address changes.[7]  These notices were docketed within seven days of their execution by Mr. Grant.  *See supra* note 7.  The Court Clerk's records show that in every instance, documents were promptly mailed to the new addresses.

When Judge Leonard dismissed the prior action, the order was returned to the Court Clerk.  However, the document returned bore an address of:

> Delbert George Grant
> P.O. Box 21
> Choteau, Oklahoma 74337-0021

---

[6]  *See State v. Seven Hundred Twenty Five Dollars ($725.00)*, 136 P.3d 1076, 1079-80 (Okla. Civ. App. 2006) (rejecting the plaintiff's argument that incarceration constitutes a "legal disability" under Okla. Stat. tit. 12 § 96 because prisoner status differs from "other time-honored legal disabilities such as minority or mental incapacity"); *Ames v. Oklahoma*, 158 Fed. Appx. 114, 117 (10th Cir. Dec. 7, 2005) (unpublished op.) (rejecting an argument that "incarceration amounts to a 'legal disability'" under Okla. Stat. tit. 12 § 96).

[7]  Letter by Delbert Grant to Office of the Clerk, Case No. CIV-05-1066-L (W.D. Okla. filed Oct. 5, 2005); Letter by Delbert Grant to Clerk, United States District Court, Case No. CIV-05-1066-L (W.D. Okla. filed Dec. 19, 2005); Letter by Delbert George Grant to Clerk, United States District Court, Case No. CIV-05-1066-L (W.D. Okla. filed Jan. 6, 2006).

Less than three months earlier, Mr. Grant had notified the Court Clerk of this address as of January 8 or 9, 2006. Letter by Delbert George Grant to Clerk, United States District Court, Case No. CIV-05-1066-L (W.D. Okla. filed Jan. 6, 2006). With this notification, the dismissal order was deemed "properly delivered" because it had been "sent to the last known address given to the Court." LCvR 5.4(a). The misdelivery resulted from Mr. Grant's failure to notify the Court of his move from Choteau rather than any error on the part of the Court Clerk.

Even though Judge Leonard's order was returned to the Court, Mr. Grant had obviously learned of the dismissal by December 18, 2006, because on that day he filed a request to refile the complaint. Letter by Delbert G. Grant to Office of the Clerk at p. 1, Case No. CIV-05-1066-L (W.D. Okla. filed Dec. 18, 2006). And on March 2, 2007, Mr. Grant wrote to the Clerk and acknowledged dismissal of the action without prejudice. Letter by Delbert George Grant to Clerk, United States District Court at p. 1, Case No. CIV-05-1066-L (W.D. Okla. filed Mar. 2, 2007). Thus, before the savings period ended, Mr. Grant acknowledged on two separate occasions that he was aware of the dismissal without prejudice. *See supra* p. 5. In these circumstances, Mr. Grant's address changes would not explain his failure to timely refile the complaint by March 24, 2007. *See supra* p. 5.

III.   Recommendation and Notice of the Right to Object

The Court should summarily dismiss the claims against Defendant Officer Daniels based on timeliness.

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636( b)(1) (2000). The deadline for objections is December 17, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV. Status of the Referral

The referral is terminated.

Entered this 26th day of November, 2008.

/s/ Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge